UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America      *

                     *

        v.             *

                     *      Case No.: 21-CR-00028-APM

Thomas Edward Caldwell, et. al.     *

        Defendants       *

MEMORANDUM IN SUPPORT OF MOTION FOR REVIEW OF DETENTION ORDER
PURSUANT TO 18 U.S.C. §3145(b) AND MOTION FOR RELEASE

Comes now Thomas Edward Caldwell ("Caldwell"), by counsel, and moves this Honorable Court for Review of the Magistrate's Detention Order pursuant to 18 U.S.C. §3145(b) and Motion for Release.  In support of said motion, Caldwell states as follows.

## FACTS

1.     Thomas Edward Caldwell is a 66 year old citizen of the United States and the Commonwealth of Virginia who resides in Berryville, Virginia in Clarke County, Virginia. He is married and has a farm where he and his wife raise stock animals among other pursuits. He has no criminal history, having never been previously arrested, investigated, or charged.

2.     Caldwell is a retired Lieutenant Commander from the United States Navy and is classified as a 100% disabled veteran by the Department of Veterans Affairs.  In his Navy service, he was awarded 3 Navy Achievement Medals, 1 Meritorious Service Award, and 3 Navy Commendation Medals; he was nominated

for the Bronze Star; and he was awarded the Humanitarian Service Award as a
personal Award. He has held a Top Secret Security Clearance since 1979 and has
undergone multiple Special Background Investigations in support of his
clearances. After retiring from the Navy, he worked as a section chief for the
Federal Bureau of Investigation from 2009-2010 as a GS-12. He also formed and
operated a consulting firm performing work, often classified, for U.S. government
customers including the U.S. Drug Enforcement Agency, the Department of
Housing and Urban Development, the U.S. Coast Guard, and the U.S. Army
Personnel Command.

3.      Caldwell's 100% service-connected veteran disability results from
complications associated with service-connected injury. He has been diagnosed
with disability to his right shoulder, degenerative lumbar disc disease with bilateral
sciatic involvement, chronic right knee strain post meniscal repair, and
degenerative joint disease of the left shoulder post modified Bristow repair. In
2010, he had a spinal fusion of the L4, L5, and S1 vertebrae, which has
subsequently failed. Moving, sitting for extended periods of time, lifting, carrying,
and other physical activities are extremely painful and Caldwell is limited in his
ability to engage in them. As a result of his failed spinal fusion surgery, Caldwell
has been diagnosed with post-traumatic stress disorder (PTSD) which is often
exacerbated by exposure to fluorescent lighting. Caldwell also has a medical

2

history of sleep apnea, a heart condition to include chest pains, and a degenerative left ankle. He currently is under the treatment of Dr. Thomas Larkin at the Pain Management Institute in Bethesda, MD. and has been from September 14, 2016. Due to excruciating pain and continued deterioration of his spine, Caldwell underwent a discectomy on August 4, 2020 to alleviate the symptom of being unable to lift his right leg. This surgery was performed by Dr. John Caruso of the WVU Medicine Brain and Spine in Martinsburg, WV. His spinal deterioration is continuing and he is under treatment with Dr. Caruso for increased deterioration of the vertebrae in his neck which causes him to regularly suffer numbness, tingling, and shooting pain down his arms. To assist in dealing with his regular and constant pain, Caldwell has consulted with the Blue Ridge Counseling Center. He is also under the care of Dr. Jeffrey Lessar of Winchester, Va., a board certified pulmonologist who monitors his sleep issues and approves his CPAP treatment and monitors and approves sleep medication. Currently he is prescribed, but has not been receiving, oxy-morphone for his spine pain, Lunesta for sleep issues, a CPAP machine, Gabepentin, DHEA, and hydrocortisone.

4.     Caldwell was arrested on January 19, 2009 at his house in Berryville, Virginia and has since been detained in the Central Virginia Regional Correctional Facility in Orange, Virginia. Because most of the allegations of the warrant allege activity in Washington, DC, he appeared that day before Magistrate

Joel C. Hoppe in Harrisonburg, Virginia for a Rule 5 determination. The United States was represented by AUSA Christopher Kavanaugh.

5.      At that hearing, Caldwell was informed that the Government at that time asserted he is a member of a group called the Oathkeepers, which he has denied.  It is reasonably believed the Government, by this time, has confirmed that he not a member of this group. Additionally, Caldwell was informed that the Government at that time asserts he "forced entry" into the United States Capitol.  Caldwell denied this assertion and proffers that he was at all times with individuals who will testify that he never entered the U.S. Capitol Building and that his physical limitations would have prevented him from forcibly entering any building or storming past any barrier.

6.      Caldwell was also informed that the Government asserts that he destroyed property, disrupted an official proceeding, and entered a restricted area, and that he conspired with others to perform these acts.  Caldwell has denied each of these allegations.

7.      It is noteworthy that despite reports of over 100,000 photo and video recordings of the incidents on January 6, 2021, the Government has not identified any photo or video that shows Caldwell in the U.S. Capitol Building, on the grounds after overcoming any barrier or other evidence of restriction, in the vicinity of any damaged property, or in any chamber of Congress.  Further the Government has not identified any time, place, or specific content of any alleged agreement that Caldwell allegedly

4

participated in that would meet the definition of a conspiracy.

8.      Magistrate Hoppe also informed Caldwell of his right to a preliminary hearing and his right to have one after he was transferred to the District of Columbia. Upon being informed of this, Caldwell, without counsel, expressed his desire to have his preliminary hearing in DC.  Unfortunately, the Government has not transferred him to DC and has indicted him on January 27, 2021, thereby eliminating his right to a preliminary hearing.

9.      AUSA Kavanaugh, despite having no evidence that Caldwell participated in the destruction of any property, and despite the Amended Criminal Complaint drafted and sworn by FBI Special Agent Michael Palian not mentioning any evidence that placed Caldwell in the Capitol Building or destroying or damaging any property (the Amended Complaint does assert that the others charged in the indictment, Jessica Watkins and Donovan Crowl, were in the Capitol Building but does not specifically identify any destruction of property) asserted that the Government was seeking Caldwell be detained pursuant to 18 USC 3142(f)(1)(A) to the extent is encompassed 18 USC §1361.  Transcript p. 16. Kavanaugh clarified that this was the basis for seeking the detention of Caldwell. *Id*.

10.     Recognizing the complete lack of evidence to credibly make this argument to the Court, Kavanaugh then asserted that the Government, as a "fallback position" would seek detention under 18 USC §3142(f)(2)(B).

Kavanaugh did not identify any specific fact that supported any obstruction of justice, nor was one ever established in any Criminal Complaint.  At best Kavanaugh had a "concern" about future activity with no factual basis identified.

11.     Kavanaugh then misrepresented Caldwell's criminal history, claiming that he has a "minimal criminal history" that included being a "fugitive" on several traffic matters. Kavanaugh knew, or should have known, that Caldwell has ZERO criminal history and there does not exist any fugitive traffic matters.  It is not lost on Caldwell that traffic matters are not criminal in nature and even if there was a history of unpaid tickets (there are none) these would be civil, not criminal, issues.

12.     Finally, Kavanaugh, without any known or verifiable facts, asserted that Caldwell "maintains a leadership position with the Oath Keepers" when no such evidence exists as Caldwell is not a member of the organization, nor has he ever been a member of the organization, and if he were, such membership would be protected activity under the First Amendment.

## ARGUMENT

13.     From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46 (a)(1), federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom unless, and until, a conviction permits the unhampered preparation of a defense, and serves to prevent the

infliction of punishment prior to conviction. *See Hudson v. Parker*, 156 U.S. 277, 285 (1895). Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning. *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

14.    The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping Caldwell in jail upon mere accusation until it is found convenient to give him a trial. On the contrary, the spirit of the procedure is to enable him to stay out of jail unless, and until, a trial has found him guilty. Without this conditional privilege, Caldwell, and those like him who are also wrongly accused, are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense. *Id*. at 7-8 (J. Jackson concurring).

15.    To open a way of escape from this handicap and possible injustice, Congress commands allowance of bail for one under charge of virtually any offense not punishable by death.  Federal Rule of Criminal Procedure 46(a)(1) expressly states that pre-trial release is to be governed by the standards set forth in the provisions of 18 U.S.C. §§3142 and 3144.

16.    18 U.S.C. §3142 requires the admission to bail except under extremely tailored exceptions, which as set forth below, are not applicable in this case. *Id*. Absent the Government establishing the requirements of 18 U.S.C.

§3142(e), Caldwell must be released.

17.     As set forth in 18 U.S.C. §3142(e), Caldwell's right to pre-trial release is balanced against two risks, the failure to appear for trial, and further danger to himself or the community.

### a. There is no risk of flight

18.     Caldwell acknowledges that the right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. *Ex parte Milburn*, 9 Pet. 704, 710 (1835). Caldwell has provided these assurances and will continue to do so.

19.     Despite there being little, to no risk of flight, the Supreme Court has acknowledged that admission to bail always involves a risk that the accused will take flight. However, as explained by Justice Jackson, the risk of flight "is a calculated risk which the law takes as the price of our system of justice. We know that Congress anticipated that bail would enable some escapes, because it provided a procedure for dealing with them. Fed. Rules Crim. Proc., 46 (f)." *Stack v. Boyle, supra*, at 8 (J. Jackson concurring)

20.     Indeed, it is the merely the duty of the judge to reduce the risk by conditions of bail, if necessary. 18 U.S.C. §1342(c)(1)(B)(xiv).  The imposition of conditions, if applicable, is limited to the least restrictive conditions necessary to assure appearance. 18 U.S.C. §1342(c)(1)(B)  The consequence of excessive

restriction is a violation of the Eighth Amendment to the Constitution, which says:

"Excessive bail shall not be required . . . ."

   b. **Caldwell poses no danger to himself or the Community**

21.   There is no allegation that Caldwell is, or has ever been a danger to

himself.  His extensive medical history and identified limitations demonstrate that

he is proactive in seeking treatment for ailments.  Caldwell is unaware of any

evidence to suggest he poses a risk to himself and is prepared to defend against any

such accusation by the Government.

22.   There is also no danger to the Community.  Outside of his time as a

decorated U.S. military officer, Caldwell is a life-long resident of Clarke County,

Virginia where he is a property owner.  He has no criminal record or any history of

violence or breaking the law.  In fact, just the opposite; he has been decorated for

service in which he has placed himself in harm's way to protect others and the

interests of the United States.

23.   Further, there is no credible allegation in the indictment that Caldwell

has ever engaged in any violent behavior.  Caldwell recognizes that the

Government has the ability to craft indictments in an effort to give the appearance

of wrongdoing and to forum shop.  However, given the existence of 100,000

photos and video images from the U.S. Capitol on January 6, 2021,

(https://www.cnet.com/news/fbi-posts-fresh-photos-of-capitol-hill-suspects/ "In a

9

joint press conference with the Department of Justice on Tuesday, FBI Washington Field Director Steven D'Antuono said the bureau has received leads including more than 100,000 pieces of digital media"), the Government has not identified one which shows Caldwell in the Capitol Building or taking any action to obstruct an official proceeding, destroy government property, or being in a restricted building or grounds after overcoming barriers, as alleged in the indictment.  It has not produced any evidence demonstrating Caldwell took any of the action as describe in paragraph 19 of the indictment, to include no evidence of Caldwell coordinating any specific operation, using a walkie talkie app or creating a channel on it, travelling into Virginia with anyone other than his wife, wearing or bringing or contributing any paramilitary gear, forcibly storming past any barricades, entering the Capitol Building, or concealing non-existent evidence after the fact.

24.     The Government has failed to produce any such evidence because none exists.  It is believed that at this time, the Government has obtained confirmation that Caldwell was not in the Capitol Building.  Disturbingly, it is also believed that the Government possessed this information at the time it sought the indictment and proceeded despite knowing that Caldwell was never in the Capitol Building.

25.     The importance of this lack of evidence is underscored in that the Government opposed Caldwell's release at the Rule 5 hearing based on the charge

10

the Caldwell had destroyed Government Property in violation of 18 USC §1361, as will be discussed in greater detail below.  Caldwell asserts that this charge was brought against him merely as a vehicle to assist in denying his release for vindictive purposes as the Government has never possessed any identifiable information that places Caldwell in the Capitol Building, let alone destroying any property.

26.    Further, while not attempting to try the matter at a bail hearing, the Government's mention of an alleged Facebook posting stating the word "inside" provides no basis to suggest Caldwell actually posted the message, or was engaged in doing anything other than merely relaying news that was circulating through the crowd that some people were inside.  While the Government's conclusions show a very active collective imagination, the Government does not provide any evidence to suggest that Caldwell was previously a risk to the Community, or that he will be one should he be released on bail.

27.    The Government is also aware that its premature reliance on alleged photos and electronic messages on social media have not been vetted for accuracy and they cannot show clear chains of evidence.  Candor to the Court suggests that the Government acknowledge the limitations of their evidence against Caldwell, at least to the extent that there is no evidence that suggests that he is a danger to himself or to the community at large.

### c. Bail should be granted in accordance with 18 U.S.C. §3142(b)

28.     18 U.S.C. §3142(b) states:

**The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court,** subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a),[1] **unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.**

(emphasis added).  As noted above, there is nothing in Caldwell's history or the charges, or any evidence provided by the Government, that suggests that Caldwell will not appear as required or that he will endanger the safety of any other person or the Community.  He has represented his desire to clear his name at the Rule 5 hearing (Exhibit A, pg 14, ln 4-7), and he has privately retained counsel.

29.     In opposing bail, as in *Stack v. Boyle, supra,* the Government asks the Court to depart from the norm by assuming, without the introduction of evidence, that Caldwell "is a pawn in a conspiracy and will, in obedience to a superior, flee the jurisdiction." There is no basis for such an ask.

30.     Further, by the express terms of the indictment, Caldwell is alleged to have participated in a conspiracy with an objective that has already been frustrated or is complete. According to paragraph 18 of the indictment, "[t]he purpose of the

conspiracy was to stop, delay, and hinder Congress's certification of the Electoral College vote." The Court can take judicial notice that the Electoral College vote has occurred. The alleged conspiracy is complete. There is no allegation of a conspiracy for future action.

31.     Given that the alleged conspiracy is complete, there is no other allegation that suggests any planned or future illegal activity. There is no basis to support an opposition to bail as any apprehension of future action that could danger the community has no support in fact is based wholly in unsubstantiated and illogical conjecture. The Court should grant bail and release Caldwell on his personal recognizance or an unsecured bond.

**d.     Bail should be granted in accordance with 18 U.S.C. §3142(c)**

32.     18 U.S.C. §3142(c) states, in part:

> If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, **such judicial officer shall order the pretrial release of the person** subject to conditions. (emphasis added)

Again, the emphasis and focus is release of Caldwell subject to the least restrictive conditions that permit the Court to be assured of Caldwell's appearance and the safety of the community.

33.     When the Court evaluates conditions to ensure the appearance of Caldwell and the safety of the community, it must do so in the context of 18 U.S.C.

§3142(e) should the Government oppose his release.  As explained below, neither of the applicable provisions of 18 U.S.C. §3142(e) can be applied to oppose release, and if they could, release is required as conditions could be set to assure the appearance of Caldwell and the safety of the community.

      **i.**     **There is no rebuttable presumption against bail under 18 U.S.C. §3142(e)(2)**

34.    18 U.S.C. §3142(e)(2) only applies a rebuttable presumption against release in the event of an accused with a prior conviction or an accused who commits a subsequent criminal act while on release pending trial.  Caldwell has no prior convictions or charges, and no rebuttable presumption is applicable under this statute.

      **ii.**     **There is no rebuttable presumption against bail under 18 U.S.C. §3142(e)(3)**

35.    18 U.S.C. §3142(e)(3) applies a rebuttable presumption in the event an accused is charged with certain crimes as set forth in subsections A through E. Caldwell is not charged with any of these crimes. Subsection C identifies an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.  Although Caldwell is charged with a violation of 18 U.S.C. §1361 and that statute is listed in §2332b(g)(5)(B), Caldwell asserts the allegation is insufficient to raise a rebuttable presumption.

36.    First, upon evidence at any hearing for review of his detention, the Government will be unable to show that Caldwell was in the Capitol Building or that he damaged any property.  Second, the indictment states that Caldwell entered the Capitol with "Crowl and Watkins, together and with others…"  The Government will be unable to provide any evidence to support this naked and false accusation.  Third, the Government will be unable to provide any evidence that Caldwell participated in any activity in the Capitol Building or that Caldwell caused any damage "to the building in an amount more than $1,000."

37.    Rule 7(c)(1) requires that the indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged. With regard to Count Three, no facts are charged and the indictment only states the bare legal conclusion that there was damage to the building that purportedly amounts to more than $1,000.  There is no identification of any specific property allegedly damaged by Caldwell nor any allegation of the extent of such damage.

38.    Caldwell does not quibble over technicalities. 18 U.S.C. §1361 provides different punishments based upon the amount of damage, only one of which may give rise to a rebuttable presumption under 18 U.S.C. §3142(e)(3)(C). Absent some evidentiary showing with respect to Caldwell's participation in the destruction of evidence and the value of that destruction, the Court cannot apply the rebuttable presumption of 18 U.S.C. §3142(e)(3). Again, as noted in *Stack v.*

15

*Boyle, supra*, since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of bail.

39.     Congress, in passing 18 U.S.C. §3142(e)(3), clearly desired to only make certain acts of property destruction subject to a rebuttable presumption. In order for the presumption to apply, the Government must establish the factual prerequisite for its application. If the Government is asking the Court to apply the presumption based solely on the indictment, the request must denied as the Government is asking the Courts to depart from the norm by assuming, without the introduction of evidence, that Caldwell entered the Capitol and destroyed property valued in excess of $1,000. To infer from an indictment alone a need for a rebuttable presumption is an arbitrary act. *See Stack v. Boyle*, 342 U.S. at 5-6.

### iii.    Should the Court find it necessary to impose conditions of bond, the Court may do so without hearing

40.     If the Court determines that, in granting bail, it should impose conditions as authorized in 18 U.S.C. §3142(c), it may do so without hearing as the requirement of a hearing established in 18 U.S.C. §3142(f) is not triggered.

### A. There is no charge of an offense identified in 18 U.S.C. §3142(f)(1)

41.     No hearing is required because the Government has not charged an offense listed in 18 U.S.C. §3142(f)(1).  At the Rule 5 hearing, the Government asserted that 18 U.S.C. §3142(f)(1) is applicable to Caldwell's release as it asserts that Caldwell is charged both with a crime identified in 18 U.S.C. §2332b(g)(5)(B)

16

because that statute lists violations of 18 U.S.C. 1361 for which a penalty of 10 years or more may be imposed, and a crime of violence. With regard to whether the indictment properly sets forth an applicable charge under 18 U.S.C. §2332b(g)(5)(B), Caldwell adopts and reasserts the arguments set forth above with respect to the application of a rebuttable presumption under 18 U.S.C. §3142(e)(3).

42.     Additionally, Caldwell is not charged with a "crime of violence" as that term of art is understood in U.S. law and is applied in 18 U.S.C. §3142(f)(1). First, under standard statutory interpretation principles, all offenses listed under 18 U.S.C. §2332b(g)(5)(B) are distinct from "crimes of violence" because "crimes of violence" and 18 U.S.C. §2332b(g)(5)(B) are separately set forth in 18 U.S.C. §3142(f)(1)(a). Because of this, they must be treated as distinct; otherwise the statute is redundant and the listing of 18 U.S.C. §2332b(g)(5)(B) is surplusage. However, words in a statue are presumed not to be surplusage. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013)

43.     Additionally, the Bail Reform Act defines "crime of violence" as follows:

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

> (C) any felony under chapter 109A, 110, or 117....

18 U.S.C. §3156(a)(4). The crimes at issue here do not fit within the definitions of "crime of violence" set out in § 3156(a)(4).

44.     At the Rule 5 hearing, the Government limited its discussion of purported crimes of violence to 18 U.S.C. §1361, which states, in part:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses…

A violation of this statute does not require the use or threatened use of force.  The conditions of §3156(a)(4)(A) are not met as the use of force is not an element of the offense of violating 18 U.S.C. §1361.

45.     Further, none of the other charged counts, by their nature involve a substantial risk of physical force against a person or property.  The conditions of §3156(a)(4)(B) are not met.  By its terms, the conditions of §3156(a)(4)(C) are not met.

**B. No hearing is required under 18 U.S.C. §3142(f)(2)**

46.     Under 18 U.S.C. §3142(f)(2), a hearing may be held:

> upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
> (A) a serious risk that such person will flee; or
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18

47.     Should the Government seek a hearing, the request should be denied. Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released or, by clear and convincing evidence, that he presents a danger to the community. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841 (1986).

48.     There is nothing in the indictment or criminal complaint that suggests that Caldwell will flee.  He has lived in Clarke County, Virginia his whole life except for periods of time in which he was in the United States Navy.  His ties to the community, assertions of innocence, ownership of real property, and historical background, to include the clearances he has held with respect to sensitive and classified information of the United States, all negate the specious and conclusory allegations asserted by the Government.

49.     Additionally, there is no evidence presented that suggests that Caldwell poses any risk of obstruction or threat to any witness or juror.  Mere allegations, bereft of facts, that simply set forth legal conclusions regarding unspecified conspiracies and agreements that allegedly took place at some unidentified place and unidentified time and involved unidentified individuals, coupled with the lack of any evidence to place Caldwell in the Capitol Building on

January 6, 2021, do not establish a serious risk that warrants a hearing.  Release
should be granted either under 18 U.S.C. 3142(b) or (c).

50.     The "clear and convincing evidence" with respect to a defendant's
danger to the community required by § 3142(f)(2)(B) means something more than
"preponderance of the evidence," and something less than "beyond a reasonable
doubt." *See Addington v. Texas*, 441 U.S. 418, 431 (1979). To find danger to the
community under this standard of proof requires that the evidence support such a
conclusion with a high degree of certainty.  Mere speculation or statements of an
AUSA's concern, as reflected in the Rule 5 hearing, is insufficient to meet the
standard.

**iv.     The Court can impose conditions that will reasonably assure
Caldwell's appearance as required and the safety of any other
person and the community**

51.     In determining whether there are conditions of release which will
reasonably assure the appearance of the person as required and the safety of any
other person and the community, the Court shall take into account the available
information concerning (1) the nature and circumstances of the offense charged;
(2) the weight of the evidence against the defendant; (3) the defendant's history and
characteristics; and (4) the nature and seriousness of the danger to any person or to
the community which would be posed by the defendant's release. See 18 U.S.C. §
3142(g) (emphasis added).

52.     Proof of three of the four charges against Caldwell require, among other things, the Government establish that Caldwell was in the Capitol Building and he overcame barriers in order to enter.  As the Government is in possession of evidence that clearly establishes that Caldwell at no time entered the Capitol Building, and given his physical condition that makes it impossible for him to have forcibly taken any action, the circumstances of the offenses charged, as they relate to Caldwell, weigh heavily in favor of release.  Moreover, as they specifically involve alleged actions at the U.S. Capitol Building, the Court could impose as a condition of release that Caldwell not travel to the U.S. Capitol and attempt to make entry.

53.     With regard to the nature and circumstances of any alleged conspiracy, the Court must be mindful that an indictment is neither proof, nor evidence.  The Court must also, given the strong policy in favor of release, view the nature and circumstances of the offenses charged in the light other non-criminal activities that can be, or are, consistent with the same fact pattern.  Assuming, without conceding that Caldwell had conversations with Crowl and/or Watkins, the likelihood that such conversations involved non-criminal coordination or planning to attend a legal rally protected under the First Amendment is not negated by the known facts stated in the indictment.  There is no allegation of any recorded conversation or phone call, no specific date on which any alleged

21

conspiracy was formed, no words of agreement or assent, no record of any alleged duration or objective of a conspiracy involving Caldwell.  The Government has asserted that hundreds of citizens entered the Capitol Building but has not been able to place Caldwell there, nor have they alleged any specific communications that specifically identify any illegal activity or purpose.

54.     The failings of the nature and circumstances of the offenses charged with regard to Caldwell also speak to the lack of weight with regard to evidence against him.   There is no recording or statement of specific words that allegedly were used to define or form any alleged agreement.  There is no evidence of any assent on the part of Caldwell. There is no evidence that places him in the Capitol Building so that he could obstruct and proceeding, or cause damage to property. There is no evidence that he "stormed" past a barricade or otherwise entered a restricted area. The lack of evidence also favors release.

55.     Caldwell's history and characteristics also favor release.  A decorated, disabled veteran who is disabled from efforts defending the country and the Constitution is unlikely to engage in the alleged conduct.  He has been vetted and found numerous times as a person worthy of the trust and confidence of the United States government, as indicated by granting him Top Secret clearances.  His medical conditions also favor release as he needs to address these and they demonstrate that Caldwell has no ability to engage in behavior that places the

community at risk.

56.      Also, there is no evidence that the community would be placed in any danger if Caldwell is released.  He is a retired 66 year old disabled veteran with serious physical problems. Given his presumption of innocence, and the failure of the Government to allege any factual basis for any concern over future activity (the purpose of the alleged conspiracy has been rendered moot), there is no concern for Caldwell's release.

57.      Nevertheless, should the Court find that 18 U.S.C. §3142(b) does not apply, conditions exist that could be imposed that will provide assurances that Caldwell will not flee and that the community will not be at risk.  18 U.S.C. §3142(c) identifies fourteen conditions (i through xiv) that the Court may consider in determining the least restrictive conditions necessary to meet the objectives of pretrial release.

58.      Caldwell asserts that most potential conditions are not applicable to Caldwell:  i (he is not a juvenile who can be placed in another's custody), ii (he is retired), iii (he is not in need of education), v (there is no alleged victim or identified witness), vii (he is 66 years old and not in need of a curfew), viii (there is no allegation of potential use of any weapon), ix (there is no allegation of any concern of abuse of alcohol, drugs, or other controlled substance), xi (there is no need to seek security as his property is illiquid), xii (cash or surety bond creates

unnecessary burdens and potentially violates equal protection), xiii (no need to return to custody).

59.     Pursuant to condition iv, the Court could consider placing a restriction on Caldwell's travel and prohibit him from entering the Capitol Building pending the results of trial.

60.     Pursuant to condition vi, the Court could require that Caldwell report on a regular basis to a designated pretrial services agency.

61.     Pursuant to condition x, the Court could require that Caldwell continue with his prescribed course of treatment with his various medical providers.

62.     Pursuant to condition xiv, the Court could impose other conditions but Caldwell avers that such imposition is unnecessary and would exceed the least amount of restrictions necessary to ensure the goals of release.

Wherefore, pursuant to 18 U.S.C. §3145(b), having been ordered detained by a magistrate judge, Caldwell seeks revocation of the order and that he be released upon his own recognizance or unsecured bond as authorized in 18 U.S.C. §3142(b); or, in the alternative, that he be released pursuant to 18 US.C. §3142(c) subject to the condition he not enter the U.S. Capitol Building, that he regularly report to pretrial services, and that he continue all medical treatment as prescribed by his attending physicians; and for such other relief as the Court deems just and

proper.

<div style="margin-left: 40%;">

Respectfully submitted by,

THOMAS EDWARD CALDWELL
By Counsel

</div>

/S/_____
Thomas K. Plofchan, Jr., DC Bar# VA100
Westlake Legal Group
46175 Westlake Drive, #320
Potomac Falls, VA 20165
Tel.: 703-406-7616
Fax: 703-444-9498
E-mail: tplofchan@westlakelegal.com
Counsel for Defendant Thomas Edward Caldwell

## CERTIFICATE OF SERVICE

I certify that on this 8th day of February, 2021, I electronically filed the foregoing

Memorandum in Support of Motion for Review of Detention Order Pursuant to 18

U.S.C. §3145(b) and Motion for Release using the CM/ECF System, which will send

notice of such filing to the following registered CM/ECF users:

Kathryn Leigh Rakoczy at kathryn.rakoczy@usdoj.gov

<div style="margin-left: 40%;">

_____/S/_____
Thomas K. Plofchan, Jr., Esq.

</div>