# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America          *
                                  *
              v.                  *
                                  *        Case No.: 21-CR-00028-APM
Thomas Edward Caldwell, et. al.   *
              Defendants          *

## RESPONSE AND REQUEST TO DENY ENTRY OF PROTECTIVE ORDER

COMES NOW the Defendant, Thomas Edward Caldwell, by and through his attorney, and respectfully moves the Court to deny the Government's request for entry of a protective order governing the production of discovery in this case. The Government is attempting to have its extremely onerous protective order imposed on Mr. Caldwell, thereby denying him full access to information that the Government took from Mr. Caldwell.

## Summary of Argument

The Government has not established in its motion any basis for the restriction on Mr. Caldwell's use of his own information or any good cause for the imposition of a protective order.

The only justification for the Government's request is that Mr. Caldwell's information "consists of data from searches of cellular telephones and social media accounts". There is no identity of any third party who may be affected. Moreover, there is nothing so overly confidential about information that people have allegedly placed into the public on a social media account that would require a protective order. The Government is seeking to restrict Caldwell's use of information under a "concern" for privacy not exhibited by the people, although unidentified, who may have placed the information in the public.

Further, there is nothing inherent in the nature of information on Mr. Caldwell's cellular phone that would suggest that he could not utilize all the information in any way he sees fit with

regard to his defense. Had the Government not seized his phone, Caldwell would have access to all the information.  The Government should not be permitted to take action to restrict his access to his own privately obtained information.

This request is merely an effort to make it more difficult for Mr. Caldwell to prepare his defense by restricting information that he had complete access to until the Government took it from him. There is no authority under the Code or Rules to suggest that the Government has an ability to make such a blanket request.

Although Federal Rule of Criminal Procedure 16 (d) authorizes a court for a good cause to deny, restrict or defer discovery or inspection, or grant other appropriate relief, no good cause has been shown.  Further, the Rule does not specifically authorize the court to restrict how a defendant can use information once it is provided.

Additionally, the Government's motion and proposed order ignores the fact that Mr. Caldwell is currently charged as a co-conspirator and co-defendant. The order does not provide any ability for him to share information with his co-defendants or to discuss information with his co-defendants without first obtaining permission of the court. This is clearly a thinly disguised means by which the Government is attempting to monitor communication amongst people who are charged as co-defendants and to regulate or discover the extent and content of efforts preparing a defense.

<u>Legal Analysis</u>

In <u>United States v. Smith</u>, 985 F. Supp. 2d 506, 522-524, (2013), Judge Koras of the Southern District of New York, ably set forth the legal analysis pertinent to the Government's request. "Examining [a] protective order under the framework of Rule 16(d). . . does not eliminate the First Amendment as a relevant concern." <u>Bulger</u>, 283 F.R.D. at 50. Rather, "[t]he

2

existence of the protective order . . . confines First Amendment scrutiny, including defendant's right to disseminate the discovery material, to the framework of Rule 16(d)'s good cause requirement." Id.; see also Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001) ("The district court required Firestone to meet a compelling interest standard. To the extent this was predicated on a constitutional right of access, it was error."); Public Citizen, 858 F.2d at 788 (noting that Seattle Times did not eliminate the First Amendment "as a relevant consideration in protective order," but rather established that protective orders must be considered "within the framework of [the] requirement of good cause"); Anderson, 805 F.2d at 7 (noting that under Seattle Times, if the good-cause standard is met, then a protective order "does not offend the First Amendment").

Applying this standard requires courts to balance several interests, including whether dissemination of the discovery materials inflicts "hazard to others," United States v. Carriles, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2001) (quoting Alderman, 394 U.S. at 185), and whether "the imposition of the protective order would prejudice the defendant," Id., ("The party seeking a protective order [under Fed. R. Civ. P. 26(c)] has the burden of showing that good cause exists for issuance of that order."); (Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004), United States v. Jones, No. 06-CR-149, 2007 U.S. Dist. LEXIS 91743, 2007 WL 4404682, at *2 (E.D. Tenn. Dec. 13, 2007) (rejecting government's request for a Rule 16(d) protective order where government failed to "make the requisite showing" of good cause). Indeed, good cause remains the standard "even where parties consent to a stipulated protective order." United States v. Luchko, No. 06-CR-319, 2006 U.S. Dist. LEXIS 78684, 2006 WL 3060985, at *3 (E.D. Pa. Oct. 27, 2006).

3

Good cause only exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks on September 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005)). A finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." Gangi, 1998 U.S. Dist. LEXIS 6308, 1998 WL 226196, at *2 (quoting Anderson v. Cryovac, Inc., 805 F.2d 1, 8 (1st Cir. 1986)); see also Wecht, 484 F.3d at 211 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." (internal quotation marks omitted)).

The Government's request shows no good cause and is too broad and without justification. "The nature of the showing of particularity, however, depends upon the nature or type of protective order at issue." Bulger, 283 F.R.D. at 52. Protective orders come in all shapes and sizes, "from true blanket orders (everything is tentatively protected until otherwise ordered) to very narrow ones limiting access only to specific information after a specific finding of need." Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). "A blanket protective order 'extend[s] broad protection to all documents disclosure would cause." Wecht, 484 F.3d at 211 (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994)). Thus, "courts should take care to ensure that the protection afforded to [discovery] information is no broader than is necessary to accomplish the [proffered] goals" of the protective order. Lindh, 198 F. Supp. 2d at 741-42.

Caldwell does not contest the general authority of the Court to enter protective orders to protect innocent third parties, but he rejects the need for any such order here. First, Caldwell argues that because the third parties in this case have already placed their information in the public sphere by posting on social media, they have no harm to be protected from. Pansy, 23

4

F.3d at 787 (noting that "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny").

Moreover, the Government has not shown good cause because it has not identified any third parties whose interests might be affected by public disclosure of information, or how their interests would be compromised. This is compelling because to establish good cause based on the interests of third parties, the Government may not rely on conclusory allegations. See Pansy, 23 F.3d at 786 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing," (internal quotation marks omitted)); United States v. Simpson, No. 09-CR-249, 2010 U.S. Dist. LEXIS 114751, 2010 WL 4282173, at *2 (N.D. Tex. Oct, 28, 2010)  [**51] ("Simpson II") (rejecting prosecutor's request to redact certain portions of an affidavit because it included names of third parties, noting that "the government does not specifically establish how disclosure of these individuals' names amounts to a firm accusation, or how disclosure violates substantial privacy interests"); HSqd, LLC v. Morinville, No. 11-CV-1225, 2013 U.S. Dist. LEXIS 37356, 2013 WL 1149944, at *3 (D. Conn. Mar. 19, 2013) (rejecting request for protective order because movant's "alleged example of injury is rife with speculative language"); United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Rather, the Government must provide specific information about the third parties whose interests might be at risk, and how dissemination of the discovery might jeopardize them. See Pansy, 23 F.3d at 786 (noting in civil context that "[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury . . . . The injury must be shown with specificity." (internal quotation marks omitted)); United States v. Stone, No. 10-CR-20123, 2012 U.S. Dist. LEXIS 5785, 2012 WL 137746, at *2 (E.D. Mich. Jan. 18, 2012) (applying same test

for application for protective order in criminal case); United States v. Patkar, No. 06-CR-250, 2008 U.S. Dist. LEXIS 6055, 2008 WL 233062, at *4 n.5 (D. Haw. Jan. 28, 2008) (same).

The Court has no basis to accept or reject the Government's claim that third parties could be tainted because they appear in the discovery in this case. The absence of specific examples leaves a gap in the record that prevents the Court from making a finding that there is good cause to enter a protective order. For example, the Government has not offered information about, among other things, the identities of the third parties, whether these other third parties are public officials or private citizens, which specific discovery materials would unfairly sully their reputation, and whether the conduct of these individuals would be proven at trial (which would be open to the public). Without this information, the Court cannot determine, for example, how much weight to give to the interests of the third parties, whether redactions to the discovery might alleviate the Government's concerns, or instead, whether a blanket protective order would be the only way to protect the interests of the third parties. See, e.g., United States v. Swartz, No. 11-CR-10260, 945 F. Supp. 2d 216, 2013 U.S. Dist. LEXIS 67702, 2013 WL 2237798, at *5 (D. Mass. May 13, 2013) ("[R]edaction of even judicial records may be appropriate when third-party privacy interests are jeopardized."); Bulger, 283 F.R.D. at 57 ("[T]he government's statement regarding privacy presents a viable argument. At this point, however, and without a description of the material or reviewing the documents at issue, it is difficult to make a determination.").

Thus, as it currently stands, the Government's case for good cause is quintessentially one based on conclusory allegations and cannot be the basis for the protective order the Government seeks. See S.E.C. v. Rajaratnam, 622 F.3d 159, 185 (2d Cir. 2010) ("[A] definitive balancing of the interests at stake in this case is impossible, because the record is not adequately developed to support the broad order appealed from."); Simpson I, 2010 U.S. Dist. LEXIS 98311, 2010 WL

3633611, at *3 ("The government has not established that the unindicted persons will suffer injury to their reputations because of public disclosure of their names."). Therefore, the Court should not enter a protective order on this basis.

More importantly, given that Caldwell is charged as a co-conspirator and co-defendant, the protective order, without first identifying information sought to be protected, places an undue and unnecessary burden on Caldwell in the preparation of his defense.

WHEREFORE, Mr. Caldwell asked this court to deny the Request for a Proposed Protective Order.

Respectfully submitted by,

Thomas Edward Caldwell

By Counsel

/S/  Thomas K. Plofchan, Jr.
Thomas K. Plofchan, JR., DC Bar#VA100
Westlake Legal Group
46175 Westlake Drive, #320
Potomac Falls, Va 20165
Tel.: 703-406-7616
Fax: 703-444-9498
E-mail: tplofchan@westlakelegal.com
Counsel for Defendant Thomas Edward Caldwell

## CERTIFICATE OF SERVICE

I certify that on this 12th day of February, 2021, I electronically filed the foregoing Response and Request to Deny Entry of Protective Order using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Kathryn Leigh Rakoczy at kathryn.rakoczy@usdoj.gov

/S/ Thomas K. Plofchan, Jr.
Thomas K. Plofchan, Jr., Esq.