# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| **v.** | : | |
| | : | |
| **THOMAS CALDWELL,** | : | |
| **DONOVAN CROWL,** | : | |
| **JESSICA WATKINS,** | : | |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **GRAYDON YOUNG,** | : | |
| **LAURA STEELE,** | : | |
| **KELLY MEGGS,** | : | |
| **CONNIE MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **ROBERTO MINUTA, and** | : | |
| **JOSHUA JAMES,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES' MOTION TO DISCLOSE SEALED FILINGS IN DISCOVERY

The United States of America hereby moves this Court for an order authorizing disclosure of search warrants and court orders pursuant to 18 U.S.C. § 2703(d), and the applications and affidavits in support thereof, which are currently under seal, for the limited purpose of producing them to defense counsel as discovery in this case, pursuant to an appropriate protective order.

Defendants are charged via indictment with offenses related to the attack on the United States Capitol on January 6, 2021. All twelve defendants are charged with conspiracy, in violation of 18 U.S.C. § 371; obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and entering a restricted building without lawful authority, in violation of 18 U.S.C. § 1752(a)(1). Ten of the defendants are also charged with destruction of government property and aiding and

abetting, in violation of 18 U.S.C. §§ 1361, 2.  Additionally, Defendants Caldwell and Young are charged with obstruction – tampering with documents, in violation of 18 U.S.C. § 1512(c)(1).

Consistent with Federal Rule of Criminal Procedure Rule 16, the government intends to produce search warrants and 2703(d) orders, as well as any supporting materials for these warrants and court orders, in discovery in the above-captioned case(s) and to any co-defendants who may later be joined.  These materials are currently under seal.  The government accordingly seeks this Court's permission to disclose these materials, but the government also requests that the documents remain under seal, that is, not made public on the Court's docket, because – notwithstanding disclosure to these particular defendants – disclosure of the above-described documents may:

- Jeopardize an ongoing federal criminal investigation by revealing the existence of that investigation to potential targets and subjects of the investigation;

- Reveal non public information about one or more targets or subjects of the investigation who have not been charged with a crime in the relevant investigation and such information could lead to adverse financial and/or social consequences for such person(s); and

- Reveal matters in violation of federal law, such as Rule 6(e) of the Federal Rules of Criminal Procedure and/or Title 26, United States Code, Section 6103.

Specifically, many of the affidavits in support of the search warrants obtained in the course of this investigation reference, in unredacted fashion, uncharged members of the conspiracy, witness statements, and grand jury information.

It is appropriate that such filings remain filed under seal.  The Court has the inherent power to seal court filings when appropriate.  *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may keep such court filings under seal to continue to prevent serious

jeopardy to an ongoing criminal investigation when, as here, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the filings.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

The government is periodically reviewing these filings to determine whether the justifications for sealing still exist.  When the grand jury investigation in this matter concludes, the government will review the all of the search warrants and 2703(d) orders and move to unseal these filings with appropriate redactions, absent some compelling reason to keep certain of these filings under seal.

WHEREFORE, to expedite the government's disclosure of discovery materials, and to adequately protect the privacy interests of the persons identified therein and the integrity of the government's on-going investigations and the security of witnesses, the government requests that the Court authorize the disclosure of the above-referenced sealed materials.

Dated:  March 31, 2021

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:  _____
Kathryn L. Rakoczy
Assistant United States Attorney
DC Bar No. 994-559

Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey S. Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Rakoczy Phone: (202) 252-6928
E-Mail Address: Kathryn.Rakoczy@usdoj.gov

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004