IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21-cr-28-APM |
| v. | : | |
| THOMAS CALDWELL (1), | : | |
| DONOVAN CROWL (2), | : | |
| JESSICA WATKINS (3), | : | |
| SANDRA PARKER (4), | : | |
| BENNIE PARKER (5), | : | |
| LAURA STEELE (7), | : | |
| KELLY MEGGS (8), | : | |
| CONNIE MEGGS (9), | : | |
| KENNETH HARRELSON (10), | : | |
| ROBERTO MINUTA (11), | : | |
| JOSHUA JAMES (12), | : | |
| JONATHAN WALDEN (13), | : | |
| JOSEPH HACKETT (14), | : | |
| WILLIAM ISAACS (16), | : | |
| DAVID MOERSCHEL (17), and | : | |
| BRIAN ULRICH (18), | : | |
| Defendants. | : | |

**GOVERNMENT'S OMNIBUS OPPOSITION TO
DEFENDANTS CONNIE MEGGS' AND DONOVAN CROWL'S
MOTIONS TO DISMISS**

1

The Court should reject the defendants' motions to dismiss counts in the Fifth Superseding Indictment.

## PROCEDURAL BACKGROUND

On August 4, 2021, the grand jury returned a Fifth Superseding Indictment, charging all of the defendants[1] with count 1, conspiracy, in violation of 18 U.S.C. § 371; count 2, obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2; and count 4, entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. §§ 1752(a)(1). Nine of the defendants—Crowl, Watkins, Sandra Parker, Steele, Kelly Meggs, Connie Meggs, Harrelson, Hackett, Isaacs, and Moerschel—were also charged with count 3, destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2. The additional charges in the indictment are not relevant here.

On July 29, 2021, the government filed an omnibus opposition to four motions to dismiss counts in the Fourth Superseding Indictment. (ECF 313.) On September 22, 2021, following oral argument on those motions at which the Court ordered additional briefing, the government filed a supplement. (ECF 437.)

On September 14, 2021, the Court issued an omnibus order denying (with one exception not relevant here) the fully briefed motions to dismiss. (ECF 415.)

The instant pleading addresses the motions to dismiss filed by Connie Meggs (ECF 386) and Donovan Crowl (ECF 382 and ECF 384, plus a supplement at ECF 413).

---

[1] Two of the defendants, Graydon Young and Jason Dolan, pled guilty to conspiracy and obstruction of an official proceeding; they are not subject to the current litigation.

Connie Meggs moved to dismiss the Fifth Superseding Indictment "in its entirety," arguing that the indictment alleges insufficient facts to make out a conspiracy (count 1), that the government failed to allege an essential element of the obstruction of an official proceeding (counts 1 and 2), that counts 2 (obstruction of an official proceeding) and 4 (entry on restricted building or grounds) violate the Double Jeopardy Clause because they criminalize the same conduct, and that count 3 (destruction of government property) is insufficiently pled.  (ECF 386 at 3-4.)  None of these arguments has any merit.

Donovan Crowl moved to dismiss counts 1 and 2, on the ground that the government incorrectly instructed the grand jury on the elements of 18 U.S.C. § 1512(c)(2).  (ECF 382 at 1.)  He also moved to dismiss count 3, on the ground that it fails to state an offense.  (ECF 384 at 3.)  None of these arguments has any merit, either.

## FACTUAL BACKGROUND

The government incorporates the factual background from its earlier omnibus opposition (ECF 313).

## ARGUMENT

**I.    LEGAL STANDARD**

A defendant may move to dismiss an indictment or count prior to trial.  *See* Fed. R. Crim. P. 12(b)(3)(B).  A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  *Id.*  Although a court's supervisory powers provide the authority to dismiss an indictment, "dismissal is granted only in unusual circumstances."  *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015).

3

An "indictment must be viewed as a whole" and the "allegations must be accepted as true" in determining if an offense has been properly alleged. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

## II.   COUNT 1 (CONSPIRACY) IS PROPERLY PLED.

Defendant Connie Meggs's motion conflates the standard under Rule 12 with the standard under Rule 29. She complains that the indictment does not allege sufficient "*facts*" (emphasis in original) to support a conspiracy. (ECF 386 at 6.) But she cites caselaw about insufficient evidence after trial, not a pleading failure. (*See id.* at 4-5 (citing *United States v. Gaskins*, 690 F.3d 569, 580 (D.C. Cir. 2012).) She also cites extrajudicial public statements made by FBI officials. Connie Meggs's motion says nothing at all about the allegations in the indictment, which are sufficient to pass muster, and which will be proved at trial.

Indeed, Meggs's motion concedes that "the Indictment broadly alleges that Mrs. Meggs agreed 'to participate in and plan[] an operation to interfere with the Certification of the Electoral College vote on January 6, 2021.'" (ECF 386 at 5 (quoting Fifth Superseding Indictment ¶ 38(a)).) Nothing more is required. But more was already provided: the indictment alleges, among many other things, that Connie Meggs unlawfully entered the restricted grounds with her coconspirators, Fifth Superseding Indictment ¶ 129, that she formed together with her coconspirators as a "stack," *id.* ¶ 140, that she forcibly entered the Capitol with her coconspirators, *id.* ¶ 145-47, and that she continued to communicate with them while inside the Capitol, *id.*

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to

4

plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  A conspiracy is sufficiently pled so long as the language in the indictment "tracks that of the statute" and alleges that the defendants "participated in an overall plan" to accomplish a certain illegal outcome.  *United States v. Brown*, No. 07-cr75-CKK, 2007 WL 2007513, at *12 (D.D.C. July 9, 2007).  The indictment need not allege every act by every defendant.  *Id.*  "An indictment alleging a § 371 conspiracy is sufficient if it describes the essential nature of the conspiratorial agreement and sets forth the essential elements of the offense."  *United States v. Tajideen*, 319 F. Supp. 3d 445, 462 (D.D.C. 2018) (internal quotation and citation omitted).  "Other than stating the essential elements of the offense, an indictment charging a § 371 conspiracy must simply allege at least one overt act in furtherance of the conspiracy, and serve to apprise the defendant of what he must be prepared to defend.  No further allegations are required in a § 371 indictment."  *Id.* (internal alterations, quotations, and citations omitted).  Indeed, in *Tajideen*, after finding that the indictment alleged an agreement to commit an unlawful act, the objects of the conspiracy, and the means by which the conspiracy was carried out, the court denied the defendants' motion to dismiss the conspiracy count.

Here, the indictment sufficiently alleges the existence of a conspiracy to violate 18 U.S.C. § 1512(c)(2) and that Defendant Connie Meggs (and the other charged defendants) were participants in that conspiracy.

### III. THE DEFINITION OF THE WORD "CORRUPTLY" DOES NOT WARRANT DISMISSAL OF COUNTS OR THE DISCLOSURE OF GRAND JURY MINUTES.

Defendant Crowl argues that the government's charge to the grand jury on the definition of "corruptly" was improper, and thus that counts 1 (conspiracy) and 2 (obstruction of an official

5

proceeding) need to be dismissed—or that the government ought to be compelled to provide the grand jury minutes.[2] This argument is meritless.

The Supreme Court has repeatedly refused to allow challenges to the nature and sufficiency of evidence presented to the grand jury. Rather, the Court has held that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). In *Costello*, the Court reasoned that if indictments were held open to challenges on the ground that there was "inadequate or incompetent evidence before the grand jury, the resulting delay would be great." *Id.* Such a rule would allow defendants a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury, and the Court specifically held that such a practice "is not required by the Fifth Amendment." *Id.* The Court affirmed this view when it found that any rule that would "saddle the grand jury with mini-trials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." *United States v. Dionisio*, 410 U.S. 1, 17 (1973).

Additionally, the Supreme Court has found that the law presumes a grand jury acts within the legitimate scope of its authority and thus grand jury proceedings are accorded a presumption of regularity. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301-02 (1991). To defeat this presumption, the defendant must surmount a demanding legal burden to present a particularized need for disclosure of grand jury materials. *See, e.g., United States v. Wright*, 234 F. Supp. 3d 45,

---

[2] Defendant Connie Meggs also argues that "18 U.S.C. § 1512 is Constitutionally [*sic*] Vague." (ECF 386 at 7.) The government addressed that argument in its original omnibus opposition (ECF 313) and supplement (ECF 437), and the government relies on those pleadings here.

47-8 (D.D.C. 2017) ("In this circuit, a defendant must show a 'particularized need' for disclosure …. The threshold for such a showing is very demanding, and the disclosure of grand jury information is 'exceedingly rare.'") (internal citations omitted).

Proceedings before the grand jury are surrounded by strong secrecy protections that serve compelling, historically grounded purposes. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 & n.6 (1958)). "This 'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity." *Id.* at 682 (quoting *United States v. Johnson*, 319 U.S. 503, 513 (1943)). Rule 6(e)(3)(E)(ii) provides a narrow exception: "The court may authorize disclosure — at a time, in a manner, and subject to any other conditions that it directs — of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

To avail itself of the exception in Rule 6(e)(3)(E)(ii), the defendants must demonstrate a "compelling necessity" and "particularized need" for disclosure of grand jury matters. *Procter & Gamble*, 356 U.S. at 682–83. Here, the defendants do not come close to making this showing.

Members of this Court have not hesitated to deny motions for access to grand jury transcripts, including *in camera* review of legal instructions, under circumstances where defendants identified more compelling necessities than the defendants do here, but still failed to meet the "heavy burden" of breaking grand jury confidentiality. *See, e.g.*, *Wright*, 234 F. Supp. 3d at 47–48 (denying motion for disclosure of grand jury transcript where defendant questioned the date on which the grand jury was sworn, as well as "attempt" language in the indictment and the omission of the foreperson's signature on the publicly docketed indictment); *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998) (denying motion for disclosure of instructions given to

7

grand jury where defendant alleged, without supporting evidence, that government may have erred in defining "hard money" and "soft money" contributions under the Federal Election Campaign Act).

Chief Judge Howell rejected a similar request in *United States v. Apodaca*, 287 F. Supp. 3d 21, 49 (D.D.C. 2017). There, the defense claimed that the government provided the grand jury with an incorrect statement of the law applicable to aiding and abetting, and it demanded production of the grand jury minutes showing the government's instruction. The court held that the defense had not met its burden to "demonstrate[e] a 'particularized need' to overcome the presumption of secrecy and regularity that materials from grand jury proceedings enjoy." *Id.* (quoting *Procter & Gamble Co.*, 356 U.S. at 683). A facially valid indictment undermines the theory that any instructions to the grand jury have been incomplete. *Id.* Indeed, in connection with the Capitol Breach investigation itself, Chief Judge Howell noted "the exceedingly high burden of demonstrating a particularized need," and that such a particularized need "has been found wanting where defendants sought grand jury materials in their own cases to probe the accuracy of the government's instructions to the grand jury that indicted them." *In re Capitol Breach Grand Jury Investigations Within D.C.*, No. 21-20 (BAH), 2021 WL 3021465, at *25 (D.D.C. July 16, 2021) (quoting *United States v. Tajideen*, 319 F. Supp. 3d 445, 473 (D.D.C. 2018), and citing *United States v. Saffarinia*, 424 F. Supp. 3d 46, 80–81 (D.D.C. 2020)).

The defendants have not cited any decision that has found a "compelling necessity" or "particularized need" to break grand jury secrecy under circumstances similar to those presented here, where a defendant seeks to challenge an element of a charged offense that is apparent from the face of an indictment. The sole case relied on by the defendants — *United States v. Stevens*,

771 F. Supp.2d 556, 565 (D. Md. 2011) — is distinguishable because there the error concerned which party bore the burden of proving an element. In *Stevens*, the prosecutor "seriously misstate[d]" the law to the grand jury by instructing that advice of counsel was an affirmative defense that must be raised by the defendant at trial, rather than negating the wrongful intent needed to commit the crime in the first place. *Id.* Here, the definition of a word or phrase, even if misstated, and even if seriously misstated, is nowhere near the level of irregularity in *Stevens* of instructing the grand jury to not even consider a particular legal concept.

The motion argues that the definitions of the word "corruptly" cited in the government's Omnibus Opposition to the Defendants' Motions to Dismiss (ECF 313) were "erroneous." (ECF 382 at 2.) They were not. In its pleading, the government cited definitions of "corruptly" in Section 1512(c)(2) as announced by courts and pattern jury instructions: "wrongful, immoral, depraved, or evil"; with "consciousness of wrongdoing"; "with an improper purpose"; and "with the purpose of wrongfully impeding the due administration of justice." (ECF 313 at 22-23.) The defendant's motion cites no contrary definition—indeed, it cites no definition at all.

The government did not misstate the law to the Court in its pleading, and thus there is no basis for the defendants' demand to know how the government stated the law to the grand jury.[3] Here, there is no "misstatement" of the law to be had, let alone a "serious" one. The defense disagrees with the government's (and most courts' and statutes') definition of the word "corruptly." That is a dispute to be hashed out when deciding how to instruct the petit jury, not a basis to demand to know how the grand jury was instructed, let alone to dismiss the indictment.

---

[3] If the Court deems it necessary, the government can arrange for an *ex parte in camera* review of the relevant legal instruction provided to the grand jury.

## IV.  COUNT 3 (DESTRUCTION OF GOVERNMENT PROPERTY) IS PROPERLY PLED.

Defendant Connie Meggs argues that count 3 is insufficiently pled because it does not allege that she personally caused harm to government property. (ECF 386 at 9.) But the indictment does allege she willfully injured and committed depredation against property of the United States and aided and abetted others in doing so. Fifth Superseding Indictment ¶ 181. Even though there is no requirement to allege aiding and abetting as a theory of liability, *see United States v. Kegler*, 724 F.2d 190, 200 (D.C. Cir. 1983), the government did so here. Moreover, the Court already addressed this argument in its September 14 Opinion, holding that count 3 was sufficiently pled and that the allegations in the indictment "are enough to give [the defendants] adequate notice of the charges against [them]." (ECF 415 at 6.)

Defendant Crowl argues that the indictment must identify the principal offender in order to allege that the defendants aided and abetted the violation. (ECF 384 at 3.) That is wrong. The government must prove that *someone* acted as the principal, but the government need not prove (or allege) that a particular person acted as the principal. The D.C. Circuit addressed this precise question in *United States v. North*, 910 F.2d 843, 913 (D.C. Cir.), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990), in which the defense claimed the district court erred by denying his motion for a bill of particulars identifying the specific principal(s) whom he was alleged to have aided and abetted. The court held both that an indictment need not specifically identify a principal and that the government need not prove a specific principal's identity at trial. *Id.*

In an abettor's trial, the government must prove the criminal act the defendant is accused of abetting, and that proof must include that the act was committed by someone. *United States v.*

10

*Edmond*, 924 F.2d 261, 266 (D.C. Cir. 1991).  But the government need not prove that abettor "participated in each and every element of the offense." *Rosemond v. United States*, 572 U.S. 65, 73 (2014) (internal quotation marks and alterations omitted).

As the Court already found, "[i]n Count III, the Fifth Superseding Indictment tracks the language of 18 U.S.C. § 1361 and specifies that the government property that was destroyed was 'the United States Capitol building' and that the damage occurred on 'January 6, 2021.'"  (ECF 415 at 6 (quoting Fifth Superseding Indictment ¶ 181).)

**V.    COUNT 4 (RESTRICTED BUILDING OR GROUNDS) IS NOT UNCONSTITUTIONALLY VAGUE.**

Defendant Connie Meggs argues that count 4 is unconstitutionally vague as applied to her.  The government already addressed that argument in its original omnibus opposition (ECF 313), and the Court already rejected it in the September 14 Opinion.  (ECF 415 at 6.)

**VI.    COUNTS TWO AND FOUR ARE NOT MULTIPLICITOUS.**

Defendant Connie Meggs claims that the indictment violates the Double Jeopardy Clause because a violation of Section 1512(c)(2) contains the same elements as a violation of Section 1752(a).  (ECF 386 at 12.)  But the two statutes contain different elements.

The Double Jeopardy Clause prohibits the "same offense" from being charged in more than one count. *United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018).  But "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344-45 n. 3 (1981).  The inquiry is "on the statutory elements of the offense.  If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975).

The two offenses at issue here, while they may involve similar facts, require different elements of proof. A violation of Section 1512(c)(2) requires the government to prove two elements: (1) The defendant corruptly (2) obstructed, influenced, or impeded (or attempted to do so) any official proceeding. And a violation of Section 1752(a) requires the government to prove the following two elements: (1) The defendant knowingly (2) entered or remained in any restricted building or grounds without lawful authority to do so.

In comparing these two statutes, both the *mens rea* (knowingly versus corruptly) and the *actus reus* (entering or remaining versus obstructing, influencing, or impeding) are different. Moreover, each statute's object (or affected thing) is different: under Section 1752(a), the object is a restricted building or grounds, while under Section 1512(c)(2), the object is an official proceeding.

If, as here, each offense requires proof of a different element, the "particular facts offered to convict" the defendant are irrelevant for multiplicity purposes. *United States v. Allen*, 13 F.3d 105, 109 n.4 (4th Cir.1993).

## CONCLUSION

The government respectfully submits that the Court should not dismiss any of the counts in the Fifth Superseding Indictment, and it should not order the government to produce the grand jury minutes.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By: _____
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
jeffrey.nestler@usdoj.gov
202-252-7277

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004