IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | * |
| vs. | *  Case No.: 21-CR-28-APM |
| THOMAS E. CALDWELL | * |

\* \* \* \* \* \* \* \* \* \* \*

### Request to Modify Defendant's Conditions of Release

Comes Now the Defendant, Thomas E. Caldwell, by and through his attorney, David W. Fischer, Esq., and respectfully requests that the Court modify his current conditions of release, and in support of said request states as follows:

1) Pretrial Services Officer Sara Morehead, per a text message with undersigned counsel on November 29, 2021, has "no objection" to the Defendant being transitioned to a curfew from home incarceration. Officer Morehead indicated that the Defendant has been fully compliant with all conditions of release. The Government opposes the instant request.

2) On March 12, 2021 the Court, upon a reconsideration of detention request, released the Defendant on the strictest of conditions, including 24/7 home incarceration. The Defendant was also ordered to not use computers, phones or similar devices "that would allow him to communicate through either encrypted or non-encrypted applications." ECF No. 75.

3) On April 26, 2021 the Court modified the Defendant's conditions of release to change his home incarceration to "farm incarceration," which allowed the Defendant to move throughout his farm located in the Shenandoah Valley.

4) The Defendant requests two modifications to his current conditions of release. First, the Defendant requests permission to access computer and internet-connected devices while being supervised by his wife, Sharon Caldwell. This modification would allow the Defendant to communicate with counsel via emails and texts messages, and to do internet searches to review

open source, publicly available materials regarding January 6th that are, or may be, of significant evidentiary value.

5) Second, the Defendant requests to be placed on an appropriate curfew in lieu of home incarceration. The Defendant advises that 99% of his anticipated travel would be within his home county, Clarke County, Va., a rural county, and neighboring Frederick County, Va. (Winchester, Va.), where shopping, banking, farm goods stores, restaurants, and four of his treating physicians are located. A curfew with travel restricted to Clarke and Frederick Counties in Virginia, respectfully, is reasonable in light of the Defendant's compliance.

6) Since his release from 53 days of mostly solitary confinement, the Defendant has fully complied with all conditions of release. Notably, the Defendant has made <u>more than 65 approved trips</u> to doctors, hospitals, church, court dates, and undersigned counsel's office without incident.

7) Importantly, in its most recent indictment, the Government <u>dropped</u> the charge of Destruction of Government Property and Aiding and Abetting, 18 U.S.C. § 1361, against the Defendant. That charge, which the Court determined constituted a "crime of violence" under the Bail Reform Act, was the <u>only</u> indicted crime that entitled the Government to request the Defendant's detention under 18 U.S.C. § 3142(f)(1)-(2) in the first place.

8) As noted in previous filings, the Government has backed off multiple inaccurate claims lodged against the Defendant, which generated the bulk of the Court's concerns regarding the Defendant's original conditions of release. These claims included that the Defendant, for months, prepared a military-style plan to specifically attack the Capitol, that he was a leader of the Oath Keepers organization, that he was an official member of the Oath Keepers, and that he forcibly stormed into the Capitol on January 6th.

9) The Government's claims about a rifle that the Defendant allegedly possessed at a Virginia hotel have also painted a misleading picture as to any danger that the Defendant poses to the public. First, during a reverse proffer session with the Defendant on October 5, 2021, Government counsel advised the undersigned that the rifle in question was "a .22 caliber rifle." No

ammunition accompanied this rifle. A .22 caliber rifle, as the Court may know, is a "beginner's gun." It is the least lethal firearm available on the market. According to a source who spoke with the undersigned, the .22 caliber rifle in question was an antique which belonged to the Defendant's late father. This source indicated that the Defendant brought the .22 rifle as a "show and tell" curio, not for arming a "QRF."

10) The Defendant requires access to a computer and iPhone in order to help prepare for his defense. Specifically, the Defendant requires internet access to search through publicly-available videos of J6, to research legal topics, and to keep abreast of news items that are posted to online news sites, Twitter, etc.

11) The Defendant, moreover, is acting *pro se* in a recently filed civil suit that is before Your Honor. In order to defend against this suit, the Defendant requires the ability to conduct legal research online, to visit libraries, to email counsel of record, and engage in other similar activities.

12) By the next status conference in this matter, which is set for December 6th, the Defendant will have made approximately 70 approved visits outside of his property without incident. At this point, respectfully, the Court can trust the Defendant to abide by a curfew and travel limitations.

13) Finally, the Defendant, because of his medical issues, is a very "high-maintenance" defendant to supervise. Respectfully, the resources of Pretrial Services could be better utilized in supervising defendants who pose a risk to the public.

WHEREFORE, it is respectfully requested that the home detention status in this matter be modified to a curfew.

          /s/
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 300
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 29th day of November, 2021, a copy of the foregoing Motion to Modify Conditions of Release was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:  Office of the United States Attorney
               555 4th Street, NW
               Washington, DC 20001


               /s/
               David W. Fischer, Esq.