IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 21-cr-28-APM-1 |
| | : | |
| v. | : | |
| | : | |
| THOMAS CALDWELL, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO MOTION TO RECONSIDER ORDER DENYING MOTIONS TO DISMISS COUNTS 1 AND 2

This Court, in a thorough and compelling 49-page opinion issued after multiple rounds of briefing and oral argument, joined what is now a unanimous judicial chorus[1] denying defendants' motions to dismiss charges brought against certain participants in the Capitol Breach under 18 U.S.C. § 1512(c)(2). Defendant Caldwell's motion to reconsider (ECF 566) simply rehashes arguments this Court already considered and soundly rejected. The motion should be denied.

A motion for reconsideration is available only "as justice requires." *See United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). That standard demands that a court grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating the same "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error

---

[1] *See United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006 (D.D.C. Dec. 10, 2021) (Friedrich, J.); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891 (D.D.C. Dec. 21, 2021) (Boasberg, J.); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595 (D.D.C. Dec. 28, 2021) (Kelly, J.).

in the first order") (internal quotation marks and citation omitted).  Defendant Caldwell can make none of these showings.

First, there has been no intervening change in the controlling law.  Indeed, since this Court issued its opinion on December 20, 2021, Judges Moss and Kelly have cited it approvingly.  Rather than a change in controlling law, there has been only reaffirmance by other judges of this Court.

Second, Defendant Caldwell does not identify any new evidence.  Nor would any evidence be relevant on the legal questions at issue in the Court's ruling.

Defendant Caldwell therefore rests his motion for reconsideration on the third factor, that there was a "clear error" in the Court's order.  But this Court committed no error, let alone a clear one.  Because Defendant Caldwell's motion simply criticizes the Court's opinion and repeats the arguments he and his fellow defendants already made, it should be summarily denied.  *See Hemingway*, 930 F. Supp. 2d at 12 (noting that "a court may deny a motion for reconsideration when it raises arguments for reconsideration the court has already rejected on the merits") (cleaned up).

In any event, Defendant Caldwell's arguments fail on the merits.  Grounding his claim in a questionable grammatical analysis, he invites this Court to rewrite Section 1512(c) as: "'Whoever corruptly alters, destroys, mutilates, or conceals a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding, or who engages in similar, but unenumerated, obstructive conduct involving the integrity and production of documentary evidence for an official proceeding,' is guilty under § 1512(c)." Mot. at 9-10.  That, of course, is not the statute that Congress enacted.  His rewritten statute entirely omits the acts in Subsection (c)(2)—"obstructs, influences, or impedes."  But no fair reading of the statute can simply exclude the precise actions that Congress saw fit to criminalize.

Defendant Caldwell is simply wrong in his contention that the phrase "obstructs, influences, or impedes" in Subsection (c)(2) "modifies the verbs 'alters, destroys, mutilates, or conceals'" in Subsection (c)(1).  Mot. at 12-13.  The formatting of Subsection (c) mirrors the formatting of the remainder of Section 1512's enumerated substantive crimes: within Subsections (a), (b), and (d), each numbered sub-subsection proscribes a separate and independent crime, all with the same *mens rea* and statutory penalty.  Like Section 1512's neighboring provisions, Section 1512(c) is not a single crime; it proscribes two separate crimes that share a *mens rea* and penalty.  Whereas Section 1512(c)(1) covers the destruction of certain evidence to render it unavailable in an official proceeding, Section 1512(c)(2) prohibits conduct that otherwise "obstructs, influences, or impedes" an official proceeding.  Congress's decision to list "official proceeding" in both Subsections (c)(1) and (c)(2) would make no sense if they were to be read as a single sentence or crime.  *See Sandlin*, 2021 WL 5865006, at *6 (holding that "subsection (c)(2) is a 'plainly separate and independent' offense from subsection (c)(1) and is set off by both a semicolon and a line break") (quoting *United States v. Ring*, 628 F. Supp. 2d 195, 224 n.17 (D.D.C. 2009)); *cf. United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *15 (D.D.C. Dec. 20, 2021) (holding that the latter half of the section title in the Sarbanes-Oxley Act that created Section 1512(c)—"Tampering with a Record *or Otherwise Impeding an Official Proceeding*" (emphasis added)—does not support a "narrow reading" that limits Subsection (c)(2) to evidence-based obstruction).

The hypotheticals that Defendant Caldwell provides, *see* Mot. at 10-11, offer no insight into the proper interpretation of Section 1512(c)(2).  To be sure, Section 1512(c)(2) may reach the conduct at issue in some of those fact patterns.  But it does not logically follow from the fact that one can imagine hypotheticals that involve obstructive conduct with some relationship to

3

documentary evidence that Section 1512(c)(2) *only* reaches that type of obstructive conduct. To the contrary, Section 1512(c)(2) proscribes conduct that corruptly affects the proceeding itself, without regard to documentary or tangible evidence. *See Caldwell*, 2021 WL 6062718, at *12 (holding that Section 1512(c)(2) covers a situation in which a "defendant 'obstructs, influences, or impedes any official proceeding' *without regard* to whether the action relates to documents or records") (quoting *United States v. Petruk*, 781 F.3d 438, 446-47 (8th Cir. 2015)) (emphasis in this Court's opinion).

The Court was correct to hold that "[a] plain reading of the text [of Section 1512(c)(2)] reaches the charged conduct [in the indictment]." *Id.* at *19. Defendant Caldwell has not shown that the Court clearly erred in its comprehensive legal analysis.

## CONCLUSION

The Court should deny Defendant Caldwell's motion to reconsider the denial of his motion to dismiss.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Jeffrey S. Nestler*
       Jeffrey S. Nestler
       Assistant United States Attorney
       D.C. Bar No. 978296
       Ahmed M. Baset
       Troy A. Edwards, Jr.
       Louis Manzo
       Kathryn Rakoczy
       Assistant United States Attorneys
       U.S. Attorney's Office for the District of Columbia
       555 4th Street, N.W.
       Washington, D.C. 20530

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004

*/s/ James I. Pearce*
James I. Pearce
Capitol Breach Appellate Coordinator
NC Bar No. 44691
555 Fourth Street, N.W.
Washington, DC 20530
James.Pearce@usdoj.gov
(202) 532-4991