IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| vs. | * | Case No.: 21-CR-28-APM |
| THOMAS E. CALDWELL | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO RECONSIDER ORDER DENYING MOTIONS TO DISMISS COUNTS 1 & 2**

The Government opposes reconsideration of this Court's previous order (ECF 558) denying the Defendants' Motion to Dismiss as to Counts 1 and 2 of the Sixth Superseding Indictment (ECF 513) on the grounds that "a unanimous judicial chorus" has ruled against challenges to 18 U.S.C. § 1512 related counts and that Caldwell's reconsideration motion "simply rehashes arguments this Court already considered and soundly rejected." ECF 573 at 1. Respectfully, the Court should grant the Defendants' Motion to Dismiss or, in the alternative, conduct additional oral arguments to address the substantive issues that Caldwell has raised.

A. **No Judge of this District, including this Court, has considered Caldwell's reconsideration argument**.

In his reconsideration memorandum, Caldwell raised a fairly straight-forward grammatical argument vis-à-vis the text and structure of 18 U.S.C. § 1512(c)(2). First, Caldwell questioned why Congress would have inserted the word "otherwise" into § 1512(c)(2) for the purpose of demarcating separate and independent conduct between subsections (c)(1) and (c)(2) when it could have accomplished the same outcome—which

1

it did twenty times in other areas of § 1512--by using the word "or" alone (without "otherwise").  ECF 556 at 12.   Second, Caldwell argued that "otherwise" operates as a "conjunctive adverb" in § 1512(c), which, as a matter of basic grammatical rules, means that the adverbial clause ("otherwise obstructs, influences or impedes") functions exclusively to modify the preceding clause.  Id. at 12-13.   Neither this Court nor Judges Friedlich, Boasberg, Moss, or Kelly have addressed the issues raised by Caldwell.[1]  Accordingly, the Government's contention that Caldwell "simply rehashes arguments this Court already considered and rejected" is inaccurate.  ECF 573 at 1.   Finally, as its memorandum of law completely dodged[2] the issues raised by Caldwell in his reconsideration motion, the Government likewise has not weighed in on Caldwell's arguments.

B. **The Government tacitly reasserts Caldwell's grounds for questioning the Court's findings without providing answers.**

The Government characterizes 18 U.S.C. § 1512 as follows:

The formatting of Subsection (c) mirrors the formatting of the remainder of Section 1512's enumerated substantive crimes:   within Subsections (a), (b), and (d), each numbered sub-section proscribes a separate and independent crime, all with the same *mens rea* and statutory penalty.   Like Section 1512's neighboring provisions, Section 1512(c) is not a single crime; it proscribes two separate crimes that share a *mens rea* and penalty.

ECF 573 at 3.   Caldwell agrees with the Government that subsections (a), (b), and (d)

---

[1] The term "conjunctive adverb" never came up in briefing or oral arguments before this Court.  Additionally, undersigned counsel has reviewed multiple filings and transcripts before other Judges of this Court and has found no indication that the issues raised by Caldwell have been previously argued.
[2] In its 5-page opposition, the Government did not mention the terms "otherwise" or "conjunctive adverb" one time.

create "separate and independent" methods of obstructing justice. Id. To be more specific, subsections (a), (b), and (d) contain a combined twenty separate and independent methods of obstructing justice. As previously argued by Caldwell, however, Congress demarcated these twenty "separate and independent" methods of obstruction of justice in subsections (a), (b) and (d) via the use of the disjunctive "or." See In re Epsy, 80 F.3d 501, 505 (D.C. Cir. 1996) ("[A] statute written in the disjunctive is generally construed as setting out separate and distinct alternatives.") (internal citation omitted).

The Government, unfortunately, did not answer Caldwell's question: Why would Congress demarcate twenty separate and distinct methods of obstructing justice by using the word "or" between subsections in (a), (b) and (d), but then feel the need to add the word "otherwise" in subsection (c) to "underscore" or "clarify" that (c)(1) and (c)(2) are disjoined?[3] By adding the word "otherwise" in § 1512(c), respectfully, Congress must have intended this term to have a purpose other than, as the Court found, "underscor[ing]" that (c)(1) and (c)(2) outlaw different acts. ECF 558, at 27 fn. 6. See, e.g., Russello v. United States, 464 U.S. 16, 23 (1983) (internal citation omitted) ("[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

---

[3] The most obvious action that Congress could have done in drafting § 1512(c) to "clarify" or "underscore" that subsections (c)(1) and (c)(2) are separate and independent provisions, in fact, would have been to omit "otherwise" from the statute altogether.

### C. Caldwell's grammatical critique undermines the holdings in all adverse rulings issued in the U.S. District Court for the District of Columbia.

Caldwell's reconsideration argument as to why the word "otherwise" was grammatically misapplied in the Court's opinion, respectfully, applies equally to the adverse opinions filed by other Judges of this District, as these rulings unanimously assert that "otherwise" was inserted by Congress into § 1512(c)(2) for the purpose of disjoining, or clarifying disjunction between, subsections (c)(1) and (c)(2).[4]  An accurate and thorough grammatical analysis of § 1512(c), which was not previously offered by defense counsel,[5] is important:  "After all, Congress communicates through written language,

---

[4] See United States v. Caldwell, No. 21-cr-28 (APM), 2021 WL 6062718, at *27, fn. 6 (D.D.C. Dec. 20, 2021) (Mehta, J.) ("The more important point is that the subsections are separated by the word "otherwise," which connects the two provisions but underscores that the acts prohibited by (c)(1) are "different" from those prohibited by (c)(2)."); United States v. Sandlin, No. 21-cr-88 (DLF), 2021 WL 5865006, at *10 (D.D.C. Dec. 10, 2021) (Friedlich, J.) ("Thus, the interplay between § 1512(c)(1) and § 1512(c)(2) clarifies that the latter prohibits obstruction by means *other than* document destruction."); United States v. Mostofsky, No. 21-cr-138 (JEB), 2021 WL 6049891, at *23 (D.D.C. Dec. 21, 2021) (Boasberg, J.) ("The use of "otherwise" is better understood as 'clarif[ying] that the latter prohibits obstruction by means other than document destruction.'") (citing Sandlin); United States v. Montgomery, No. 21-cr-46 (RDM), 2021 WL 6134591, at *26 (D.D.C. Dec. 28, 2021) (Moss, J.) ("otherwise" "signals a shift in emphasis . . . from actions directed at evidence to actions directed at the official proceeding itself.") (internal citation omitted); United States v. Nordean, No. 21-cr-175 (TJK), 2021 WL 6134595, at *13 (D.D.C. Dec. 28, 2021) (Kelly, J.) ("The use of the word "otherwise" suggests that Section 1512(c)(2) was intended to target something different than (c)(1)—that is, conduct beyond simple document destruction.") (internal citation omitted).

[5] The army of defense attorneys handling the various J6 cases have done tremendous work under incalculable pressure and have raised a multitude of creative and impressive legal arguments in defense of their clients.  Respectfully, however, the defense bar, undersigned counsel included, in pursuing the most difficult, complex, and professionally

4

and one component of written language is grammar[.]" NACS v. Bd. of Governors of the Fed. Res. Sys., 746 F.3d 474, 486 (D.C. Cir. 2014).

**1. "Otherwise" is used as a conjunctive adverb in § 1512(c).**

The Sandlin Court, this Court, and others unwittingly acknowledged that "otherwise" operates as a conjunctive adverb within § 1512(c) by characterizing "otherwise" as an "adverb" that "link[s]" or "connects" subsections (1) and (2). See, e.g., Sandlin at * 10; Caldwell at *27 fn. 6. An adverb that connects two independent clauses is unmistakably a conjunctive adverb.[6] The word "otherwise" is among a handful of words in the English language that can be used as a conjunctive adverb.[7] "When used to connect two related clauses, *otherwise* is usually classified as a conjunctive adverb."[8] Because it appears in § 1512(c)(2) after a semicolon, the

---

challenging legal arguments, perhaps overlooked the most basic, grammar-based arguments now raised by Caldwell. The Court cannot be faulted for not addressing an argument not previously raised by defense counsel.

[6] William & Mary Writing Resource Center, wm.edu/as/wrc/newresources/handouts/thesemicolon.pdf (listing "otherwise" as a common conjunctive adverb placed after a semicolon that joins independent clauses); see also Jennifer Gunner, M.Ed. (Education), https://grammar.yourdictionary.com/parts-of-speech/adverbs/con-adverb.html.

[7] Id. See also University of Wisconsin Writing Center (list of conjunctive adverbs), https://writing.wisc.edu/handbook/grammarpunct/conjadv/ ; North Dakota State University Writing Center (list of conjunctive adverbs), https://www.ndsu.edu/pubweb/~dasulliv/style/conjadv.htm#:~:text=accordingly%2C%20furthermore%2C%20moreover%2C%20similarly,%2C%20undoubtedly%2C%20further%2C%20meanwhile

[8] AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th Ed. 2020), https://www.ahdictionary.com/word/search.html?q=otherwise, (Usage note) (emphasis original).

characterization of "otherwise" as a conjunctive adverb is accurate.[9]  The general rule that conjunctive adverbs are followed by a comma, moreover, does not apply to "otherwise":  "Otherwise," along with the word "so," are the only words that "do not require a comma following them when they are [used as] conjunctive adverbs."[10] Finally, non-conjunctive adverbs modify surrounding words or phrases, yet "otherwise" does not modify the words that <u>follow</u> it in its clause of residence (§ 1512(c)(2)), which is insuperable proof that "otherwise" operates as a conjunctive adverb in the statute.[11]

In short, it is indisputable that "otherwise" operates as conjunctive adverb in § 1512(c)(2).  Accordingly, as noted <u>infra</u>, § 1512(c)(2) is an <u>adverbial connecting clause</u> that does not act independently but, rather, serves exclusively to modify verbs in the preceding clause.

---

[9] William & Mary Writing Resource Center, wm.edu/as/wrc/newresources/handouts/thesemicolon.pdf (listing "otherwise" as a common conjunctive adverb placed after a semicolon).

[10] *The Tongue United* (Univ. of Oregon School of Journalism and Communication), http://www.grammarunited.com/blog/?p=894 (citing as an example: "You will need to focus on the goal; **otherwise** it is easy to get distracted."); <u>see also</u> AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (5th Ed. 2021), https://www.ahdictionary.com/word/search.html?q=otherwise (usage note regarding "otherwise") ("When introducing a new clause, otherwise is *often* followed by a comma.") (emphasis added).

[11] Dictionary.com (online dictionary and thesaurus), https://www.thesaurus.com/e/grammar/conjunctive-adverbs/ ("Most of the time, adverbs are words that we use to modify verbs, adjectives, or other adverbs. … A conjunctive adverb acts differently than other adverbs by connecting independent clauses that can stand alone as sentences. In this way it is still acting as a modifier by using one clause to modify another.").

**2. As "otherwise" is used as a conjunctive adverb, § 1512(c) does not set forth separate and distinct types of obstruction of justice.**

The purpose of a conjunctive adverb is two-fold.  First, a conjunctive adverb serves "to join ideas of equal value[,] [b]ut in joining these equal ideas, [it] show[s] *a strong relationship*. A conjunctive adverb *joins mutually dependent* but equal ideas."[12] Second, and related, a conjunctive adverb, instead of modifying language in the clause wherein it resides, modifies language in the preceding clause.[13]  Specifically, "[c]onjunctive adverbs are *verb-modifying words* that connect ideas together."[14]  A conjunctive adverb is "a word that modifies a whole previous statement."[15]  The "role" of a conjunctive adverb "is to turn the *clause* that it introduces into an adverbial modifier of the previous clause."[16]

Applying these principles to § 1512(c), it becomes crystal clear that subsections (1) and (2) are inextricably tied together, with the second <u>clause</u> modifying the first clause.  Section 1512(c) provides:

> (c) Whoever corruptly—
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the

---

[12] The Writing Center at San Antonio College, https://www.alamo.edu/siteassets/sac/about-sac/college-offices/writing-center/punctuating-conjunctive-adverb-in-simple-compound-sentences.pdf (emphasis added).
[13] Dictionary.com (online dictionary and thesaurus), https://www.thesaurus.com/e/grammar/conjunctive-adverbs/
[14] https://www.citationmachine.net/resources/grammar-guides/adverb/conjunctive/ (emphasis added).
[15] Frederick Crews, THE RANDOM HOUSE HANDBOOK 403 (6th ed. 1992).
[16] Andrew Smith, (International Business Consultant), *We Speak Business*, https://www.we-speak-business.com/blog/conjunctive-adverbs (emphasis added).

> object's integrity or availability for use in an official proceeding; or
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).   The verbs in (c)(1), which precede the "verb-modifying" word "otherwise," are "alters, destroys, mutilates, or conceals."   As a conjunctive adverb uses "the second clause to modify the first clause like an adverb,"[17] we must consider which words in (c)(2) were intended to modify the proscriptive verbs in (c)(1) ("alters, destroys, mutilates, or conceals").   The terms "official proceeding" and "attempts to do so" can be ruled out as both terms appear in (c)(1) and (c)(2), which suggests that they are not the operative modifying language in (c)(2).   Additionally, it seems implausible that (c)(2)'s penalty provision, "shall be fined under this title or imprisoned not more than 20 years, or both," would modify any language in (c)(1).   By process of elimination, therefore, the only words in (c)(2) that could possibly modify (c)(1)'s "alters, destroys, mutilates, or conceals" are, not surprisingly, its verbs:   "obstructs, influences, or impedes."

Accordingly, the adverbial clause's verbs ("obstructs, influences, or impedes") modify in some way (c)(1)'s verbs of proscription ("alters, destroys, mutilates or conceals").   The adverbial clause does not create a wholly independent class of obstructive conduct; rather, it modifies the verbs of proscription in (c)(1), which <u>are tied to documentary and other tangible evidence</u>.   And how does the "otherwise" clause specifically modify (c)(1)?   A quick review of the *Collins Dictionary* is helpful:

---

[17] Jennifer Gunner, M.Ed. (Education), YourDictionary.com, https://grammar.yourdictionary.com/parts-of-speech/adverbs/con-adverb.htm

> **Otherwise--**
> ADVERB [ADV before v]
> You use **otherwise** to indicate that other ways of doing something are possible in addition to the way already mentioned.[18]

To paraphrase *Collins Dictionary*, the "otherwise" clause in § 1512(c)(2) is used "to indicate that unenumerated ways of tampering with tangible evidence are possible in addition to the enumerated ways ("alter[ing], destroy[ing], mutilate[ing] or conceal[ing]") set forth in (c)(1)."

Section 1512(c)(1) proscribes multiple ways ("alters, destroys, mutilates, or conceals")—but not <u>every</u> conceivable or imagined way--that tangible evidence can be tampered with to "impair" or affect its "availability" for use at official proceedings. The obvious purpose of the "otherwise" clause, accordingly, is to modify (c)(1)'s enumerated verbs ("alters, destroys, mutilates, or conceals") to clarify that Congress intended to criminalize "other ways" of obstructing justice by tampering with tangible evidence that "are possible in addition to the way[s] already mentioned."[19] In short, subsection (c)(1) addresses the "letter of the law," while (c)(2) addresses the "spirit of the law," i.e., to punish those who, with a nefarious purpose but in a way not specifically enumerated by Congress in (c)(1), prevent tangible evidence from being obtained and accurately considered by courts, Congress, and administrative agencies. As one district court concluded: "Section 1512 was not intended to create two separate crimes, but instead

---

[18] COLLINS DICTIONARY (online version) (English learner's edition) https://www.collinsdictionary.com/us/dictionary/english/otherwise.
[19] <u>Id</u>.

9

was meant to criminalize difficult to enumerate conduct that would otherwise slip past Section 1512(c)(1)'s specific proscription."  United States v. Hutcherson, No. 6:05CR00039, 2006 U.S. Dist. LEXIS 6652, at *6-7 (W.D. Va. Feb. 3, 2006).

      The "plain-meaning" of § 1512(c) is, respectfully, completely opposite of the Court's holding.  Section 1512 as a whole is a statute that deals with the integrity and preservation of testimonial and tangible evidence.  Section 1512(c), as part of Sarbanes-Oxley, was specifically added to 18 U.S.C. § 1512 in response to well-publicized document hijinks central to the collapse of Enron.  It is beyond belief that, without substantive discussion, Congress intended to hand federal prosecutors an open-ended, broadly worded obstruction statute--along with a 20-year penalty hammer--in the context of targeting corporate document shredding.  Subsections (c)(1) and (c)(2) are inextricably tied together by the word "otherwise."  As set forth in detail, supra, the verbs contained in the "otherwise" clause ("obstructs, influences, or impedes") are modifiers of the verbs in the preceding sentence ("alters, destroys, mutilates, or conceals"), clarifying that Congress, in addition to enumerated methods, sought to reach unenumerated (and unimaginable in the digital age) methods of tangible evidence tampering.  Section 1512(c), accordingly, requires proof that Caldwell and other defendants committed acts of obstruction tied to tangible evidence.  The Government has made no such allegations and, accordingly, the Motion to Dismiss Counts 1 & 2 should be granted.

D. **The Court should conduct additional oral arguments to address the issues raised by Caldwell.**

While Caldwell appreciates the work and consideration that the Court put into issuing its lengthy opinion in the instant case, the issues raised by Caldwell are substantial as to the specific issue of the correct interpretation of 18 U.S.C. § 1512(c). The Court clearly suggested at oral arguments that the resolution of the § 1512(c) issue required significant contemplation. Similarly, the Court identified this issue as "the most substantial of Defendants' challenges[.]" ECF 558 at 25. Circuit and district courts across the country, moreover, have split as to the § 1512(c) issue, and none of have specifically addressed Caldwell's arguments set forth supra. The issues raised by Caldwell are substantial and worthy of additional dialogue between the Court and counsel.

E. **Conclusion**

Respectfully, Caldwell requests that the Court reconsider its ruling denying Defendants' Motion to Dismiss as to Counts 1 & 2 of the Sixth Superseding Indictment and grant the motion or, in the alternative, conduct one additional oral argument hearing to reconsider the issues raised by Caldwell.[20]

---

[20] As the Government did not weigh in on the substance of Caldwell's reconsideration arguments, Caldwell would also welcome the Government's written counter-arguments to the issues raised.

11

Respectfully Submitted,

_/s/_
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 300
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of January, 2022, a copy of the foregoing Defendant's Reply to Government's Opposition to Reconsider Order Denying Motion to Dismiss Counts 1 & 2 was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:        Office of the United States Attorney
                                                          555 4th Street, NW
                                                          Washington, DC 20001

                                                                                 /s/
                                                            David W. Fischer, Esq.